1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

DARRELL R. BURRUSS,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 3:13-cv-05615-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S DECISION
TO DENY BENEFITS

12
13
14
15
16
17
18
19
20

        Plaintiff has brought this matter for judicial review of defendant's denial of his application

for supplemental security income ("SSI") benefits.  Pursuant to 28 U.S.C.§636(c), Federal Rule of

Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard

by the undersigned Magistrate Judge.  After reviewing the parties' briefs and the remaining

record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny

benefits should be reversed and that this matter should be remanded for further administrative

proceedings.

21

FACTUAL AND PROCEDURAL HISTORY

22
23
24
25
26

        On June 2, 2010, plaintiff filed an application for SSI benefits, alleging disability as of

July 17, 2005, due to internal injuries, colostomy bag, hernia, and rectal bleeding.  *See*

Administrative Record ("AR") 167-70, 177.  His application was denied upon initial administrative

review and on reconsideration.  *See* AR 92, 93.  A hearing was held before an administrative law

judge ("ALJ") on April 17, 2012, at which plaintiff, represented by counsel, appeared and testified,

ORDER - 1

as did a medical expert and a vocational expert.  *See* AR 35-79.  At the hearing, plaintiff

amended his alleged onset date to May 20, 2010.  AR 15.

On June 25, 2012, the ALJ issued a decision in which plaintiff was determined to be not

disabled.  *See* AR 15-29.  The ALJ found that colostomy, mood disorder, and substance abuse

were severe impairments, but that these impairments did not meet or equal a listed impairment in

20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 17-20.  The ALJ found that plaintiff had the

residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except he could occasionally
> balance, stoop, kneel and climb; he could never crouch or crawl; he should avoid
> concentrated exposure to extreme heat, wetness, humidity, and respiratory
> irritants; he would be able to understand, remember, and carry out simple, routine
> and repetitive tasks; he should only have superficial contact with the public; and
> he would be able to maintain attention and concentration for two hour intervals
> between regularly scheduled breaks.

AR 20.  Plaintiff had no past relevant work.  AR 28.  Considering plaintiff's age, education, work

experience, and RFC, the ALJ found that he could perform jobs that exist in significant numbers

in the national economy, and therefore was not disabled.  *Id.*

Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on

June 18, 2013, making the ALJ's decision defendant's final decision.  *See* AR 1-4; *see also* 20

C.F.R. § 404.981, § 416.1481.  On July 25, 2013, plaintiff filed a complaint in this Court seeking

judicial review of the ALJ's decision.  *See* ECF #1.  The administrative record was filed with the

Court on October 9, 2013.  *See* ECF #12.  The parties have completed their briefing, and thus

this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for an

award of benefits because the ALJ erred in evaluating the medical evidence in the record and in

assessing plaintiff's RFC.  The Court agrees the ALJ erred in determining plaintiff to be not

ORDER - 2

disabled, but, for the reasons set forth below, finds that while defendant's decision should be reversed, this matter should be remanded for further administrative proceedings.

<u>DISCUSSION</u>

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F. Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec. of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

I.    The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld."  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."  *Reddick*, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.*  The ALJ also may draw inferences "logically flowing from the evidence."  *Sample*, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion."  *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

---

. . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant.  *See Lester*, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff challenges the ALJ's evaluation of the opinions of treating doctors Yo Kondo, M.D., and Terrill R. Utt, M.D.; State agency reviewing doctor Robert Hoskins, M.D.; and medical expert Alexander B. White, M.D., who testified at the hearing.

A.  Dr. Kondo

The record contains two opinions from Dr. Kondo.  On February 10, 2010, Dr. Kondo saw plaintiff for the second time and completed a DSHS physical evaluation form.  *See* AR 574-76, 644-49.  She opined that plaintiff's rectal bleeding significantly interfered with his ability to sit, stand, walk, lift, and carry.  AR 646.  She also opined plaintiff was restricted in his ability to climb, crouch, kneel, pull, and push.  *Id.*  She limited plaintiff to sedentary work.  *Id.*

The ALJ gave this opinion little weight in part because Dr. Kondo relied entirely on plaintiff's subjective complaints.  AR 21. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan*, 169 F.3d at 602).  Plaintiff does not challenge the ALJ's adverse credibility determination or the ALJ's finding that Dr. Kondo's opinion was based on his subjective complaints.  Indeed, given that the doctor's physical examination was unremarkable, *see* AR 575, the ALJ's finding with respect to Dr. Kondo is supported by substantial evidence.  As such, the ALJ properly rejected Dr. Kondo's February 2010 opinion.

Plaintiff nevertheless argues that the ALJ erred by failing to apply the factors set forth in 20 C.F.R. § 416.927(c) for evaluating treating doctors' opinions.  But the ALJ did consider some of the factors set forth in § 416.927(c), particularly the length of the treating relationship and the supportability of Dr. Kondo's opinion.  Moreover, plaintiff fails to cite—and the Court has not found—any binding precedent that establishes harmful error in an ALJ's failure to discuss every factor in § 416.927(c).  Because the ALJ provided a specific and legitimate reason to reject Dr. Kondo's opinion, any error in the ALJ's consideration of that opinion is harmless.  *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous

ORDER - 6

reason among other valid reasons is harmless error where the erroneous reason does not negate the validity of the overall determination).

On July 23, 2010, Dr. Kondo saw plaintiff for the seventh time and completed a second DSHS physical evaluation form.  *See* AR 640-43, 686-89.  She opined that plaintiff's rectal bleeding very significantly interfered with his ability to sit, stand, walk, lift, or carry.  AR 642.  She stated he is "not able to sit or stand for long time." *Id.*  She also opined that he has limitations in his ability to climb, crouch, kneel, pull, and push. *Id.*  In her chart note for the visit, she opined, "Sedentary work for him if he is able to work.  His musculoskeletal symptoms are grossly fine but abdominal symptoms, rectal bleeding are making . . . [it] difficult [for him] to function." AR 686.

The ALJ noted that Dr. Kondo "did not quantify what a 'long time' means in terms of the claimant was 'not able to sit or stand for a long time,'" and gave the opinion little weight because "Dr. Kondo did not perform any physical examination of the claimant or functional ability testing in order to correlate with [her] sedentary work determination." AR 22.  Plaintiff argues that the ALJ did not provide a specific and legitimate reason to reject Dr. Kondo's opinion, pointing out that the ALJ assigned significant weight to the non-examining doctors' opinions even though they did not conduct examinations or functional ability tests.

The ALJ's finding is not a model of clarity; however, it is apparent the ALJ rejected Dr. Kondo's opinion because it was not supported by clinical findings.  *See Magallanes*, 881 F.2d at 755 ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."); *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("Even when an agency 'explains its decision with "less than ideal clarity," we must uphold it 'if the agency's path may reasonably be discerned.'") (citation omitted).  This is a specific and

legitimate reason to reject a treating physician's opinion.  *See Thomas*, 278 F.3d at 957 ("The ALJ

need not accept the opinion of any physician, including a treating physician, if that opinion is

brief, conclusory, and inadequately supported by clinical findings.").  Furthermore, although

plaintiff had some abnormal results on a sigmoidoscopy exam in April 2010, *see* AR 22, 611-13,

the Court cannot say the ALJ was unreasonable in finding that Dr. Kondo's assessment of

plaintiff's limitations was inadequately supported by clinical findings.  *See Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir. 1999) (when evidence reasonably supports either confirming or

reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ);

*Morgan*, 169 F.3d at 599 ("Where the evidence is susceptible to more than one rational

interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Andrews v. Shalala*, 53 F.3d

1035, 1041 (9th Cir. 1995)).  Accordingly, plaintiff has failed to establish harmful error in the

ALJ's evaluation of Dr. Kondo's July 2010 opinion.

      B.  Dr. Utt

        Plaintiff had a long-term treating relationship with Dr. Utt.  In April 2012, Dr. Utt

completed a medical source statement in which he opined plaintiff could sit for 30 minutes at a

time for a total of two hours in an eight-hour day, stand for 30 minutes at a time for a total of two

hours in an eight-hour day, and walk for 15 minutes at a time for a total of one hour in an eight-

hour day.  AR 878-79.  He opined plaintiff would need to lie down the remaining three hours of

an eight-hour day.  AR 879.  Dr. Utt further opined plaintiff could frequently lift and

occasionally carry 20 pounds and had postural and environmental limitations.  AR 878-83.

Ultimately, Dr. Utt opined that plaintiff's "chronic bowel and pain disorder prevent him from

working a normal day or week.  He is disabled." AR 883.

ORDER - 8

The ALJ gave Dr. Utt's opinion no weight because "no other medical professional has ever qualified the claimant as completely disabled in the record or during the relevant time. The medical opinions have all limited the claimant to sedentary, light, or medium work." AR 24. Plaintiff argues substantial evidence does not support the ALJ's finding that Dr. Utt's opinion is undermined by the other opinion evidence, and the Court agrees. The medical opinions the ALJ refers to include the July 2008 opinion of medium work from treating physician Gordon Klatt, M.D., the February 2010 and July 2010 opinions of sedentary work from Dr. Kondo, and the opinions of light work from the non-examining doctors, Dr. Hoskins and Dr. White. Dr. Klatt's 2008 opinion, AR 344-47, does not invalidate Dr. Utt's opinion because it was rendered almost four years earlier and two years before the amended alleged onset date. *See Carmickle*, 533 F.3d at 1164-65 (indicating that evidence "well before" the alleged onset date is not probative). Similarly, Dr. Kondo's 2010 opinions do not undermine Dr. Utt's opinion because they were given approximately two years earlier. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (explaining that a treating physician's most recent medical reports are highly probative). Finally, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician." *Lester*, 81 F.3d at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) and *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir. 1984)). Thus the ALJ improperly relied on the non-examining doctors' opinions to discount Dr. Utt's opinion.

The ALJ also rejected Dr. Utt's opinion because he "did not have the ability to review the majority of the records as did Drs. Hoskins and White who both opined the claimant was capable of light work." AR 24. However, as just noted, the opinions of the non-examining doctors are not

ORDER - 9

substantial evidence that supports the rejection of treating Dr. Utt's opinion.  *See Lester*, 81 F.3d at 831.

In sum, the ALJ failed to provide any specific and legitimate reason, supported by substantial evidence, to reject Dr. Utt's opinion.  As Dr. Utt's opinion was more restrictive than the RFC, this error was harmful.  Plaintiff argues that the Court should credit Dr. Utt's opinion as true and remand for an award of benefits.  As discussed below, however, remand for further proceedings is appropriate.  On remand, the ALJ should reevaluate Dr. Utt's opinion and, as necessary, further develop the record, revise plaintiff's RFC, and proceed with steps four and five of the sequential evaluation process.

C.  Dr. Hoskins and Dr. White

In October 2010, Dr. Hoskins reviewed plaintiff's medical records and opined that he was capable of standing or walking for six hours in an eight our day and lifting 20 pounds occasionally and 10 pounds frequently.  AR 763.  Dr. Hoskins also assessed postural and environmental limitations and opined, "Because the anal leakage will be ongoing, the need for the colostomy will be ongoing and we need to accommodate the care of the colostomy and the bag and seals."  *Id.*  The ALJ gave Dr. Hoskins's opinion "significant weight based on his expertise, his familiarity with the Social Security Act Regulations, and his ability to review a majority of the record before making his recommendation."  AR 23.

Dr. White testified at the hearing in April 2012 after reviewing the same medical records Dr. Hoskins reviewed.  *See* AR 41.  Dr. White opined plaintiff could perform light work except that he could lift 25 pounds occasionally and had some nonexertional and environmental limitations.  *See* AR 43-45.  The ALJ gave Dr. White's opinion "significant weight, even though the above RFC is more restrictive, because Dr. White has significant expertise, had an

ORDER - 10

1  opportunity to review the record up to Exhibit 19, and he based his opinions off objective

2  findings in the record." AR 24-25.

3       Plaintiff argues the ALJ erroneously assigned Dr. Hoskins's and Dr. White's opinions

4  significant weight because they did not review the 175 pages of medical records from November

5  2010 through the hearing in April 2012, and they did not provide any basis for their opinions that

6  plaintiff could perform light work.  The Court is troubled by the fact that the ALJ credited the

7  non-examining doctors' opinions in part because they were able to review "a majority of the

8  record." While technically true—they reviewed approximately 540 out of 715 pages of medical

9  records—only a fraction of the pages they reviewed pertained to the time period after the amended

10 alleged onset date of May 20, 2010.  All of the 175 pages they did not review pertained to the

11 alleged period of disability and included Dr. Utt's opinion.  Presumably Dr. White testified at the

12 hearing so he could provide an opinion based on the entire medical record, however he reviewed

13 no more records than Dr. Hoskins, who rendered his opinion a year and a half prior to the

14 hearing.  As this case is being remanded for reevaluation of Dr. Utt's opinion, the ALJ shall also

15 reconsider the weight assigned to the non-examining doctors in light of the record as a whole,

16 paying particular attention to the explanations supporting their opinions.  *See Holohan v.*

17 *Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (opinions supported by explanation and

18 treatment records cannot be outweighed by opinion of non-examining physician "who merely

19 checked boxes without giving supporting explanations").

20      Plaintiff also argues that even if the ALJ properly afforded Dr. Hoskins's opinion

21 significant weight, she erroneously failed to accommodate his opinion that plaintiff's anal leakage

22 would be ongoing and he would need accommodations for the care of his colostomy.  The

23 Commissioner responds that Dr. Hoskins's statements regarding the colostomy merely explained

ORDER - 11

the postural limitations he assessed and was not an opinion of additional limitations.  After

reviewing Dr. Hoskins's opinion, the Court finds that it reasonably could be interpreted either as

an opinion of additional limitations or as an explanation for the limitations already assessed.  The

ALJ is responsible for resolving conflicts in the medical record, *Carmickle*, 533 F.3d at 1164,

and when evidence reasonably supports either confirming or reversing the ALJ's decision, the

Court may not substitute its judgment for that of the ALJ, *Tackett*, 180 F.3d at 1098.  Here,

however, the ALJ did not resolve the ambiguity in Dr. Hoskins's opinion, and therefore on

remand, the ALJ should determine the meaning of Dr. Hoskins's statement regarding ongoing

care of the colostomy and anal leakage and, as necessary, further develop the record, revise

plaintiff's RFC, and proceed with steps four and five.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

If a disability determination "cannot be made on the basis of medical factors alone at step

three of the evaluation process," the ALJ must identify the claimant's "functional limitations and

restrictions" and assess his or her "remaining capacities for work-related activities." Social Security

Ruling ("SSR") 96-8p, 1996 WL 374184, at *2.  A claimant's RFC assessment is used at step four

to determine whether he or she can do his or her past relevant work, and at step five to determine

whether he or she can do other work.  *See id.*  It thus is what the claimant "can still do despite his

or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based

on all of the relevant evidence in the record.  *See id.*  However, an inability to work must result

from the claimant's "physical or mental impairment(s)." *Id.*  Thus, the ALJ must consider only

those limitations and restrictions "attributable to medically determinable impairments." *Id.*  In

assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-

ORDER - 12

related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

Plaintiff argues the ALJ failed to address plaintiff's pain disorder, noted by Dr. White and Dr. Utt.  Plaintiff also contends the RFC fails to account for his multiple hospitalizations.  *See id.* at *5 (RFC must be based on all relevant evidence in the record, including "[t]he effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)").  As this case is being remanded for further consideration of the medical opinions, on remand, the ALJ should reevaluate pain disorder and discuss the effect, if any, of plaintiff's hospitalizations on his ability to engage in sustained work activity.

III.    This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

ORDER - 13

before a determination of disability can be made, and (3) it is clear from the
record that the ALJ would be required to find the claimant disabled were such
evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, remand is the appropriate remedy so that the ALJ can reevaluate the medical evidence

regarding the limiting effects of plaintiff's physical conditions.

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded

plaintiff was not disabled.  Accordingly, defendant's decision is REVERSED and this matter is

REMANDED for further administrative proceedings in accordance with the findings contained

herein.

DATED this 23rd day of June, 2014.


Karen L. Strombom
United States Magistrate Judge

ORDER - 14